**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA 94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panos@panoslagoslaw.com

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

*Attorneys for Plaintiff,*
**CARLOS PEREZ TRUJILLO**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOS PEREZ TRUJILLO**, <br><br> Plaintiff, <br><br> vs. <br><br> **TOWN OF AMERICAN CANYON,** a municipal corporation, American Canyon Police Department Chief **OSCAR ORTIZ,** in his official capacity, **COUNTY OF NAPA,** a municipal corporation, Napa County Sheriff **JOHN ROBERTSON,** in his official capacity, Napa County Sheriff's Department Deputy **JEREMIAH BOHLANDER** (Badge #250265), individually, in his capacity as a law enforcement officer for the **TOWN OF AMERICAN CANYON** and/or in his capacity as a Deputy for the **COUNTY OF NAPA**, and DOES 1 through 200, jointly and severally, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** <br><br> 1.  42 U.S.C. § 1983 – Civil Rights Violations <br> 2.  42 U.S.C. § 1983 – Municipal and Supervisory Liability |

Plaintiff, CARLOS PEREZ TRUJILLO, by and through his attorneys, the LAW OFFICES OF PANOS LAGOS and the LAW OFFICE OF SANJAY S. SCHMIDT, for his Complaint against Defendants, states the following:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth Amendment to the United States Constitution.

2. Venue is proper, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to claims asserted in this Complaint occurred in this judicial district.

## PARTIES

3. Plaintiff is a citizen of the United States and was, at the time of the events complained of herein, a resident of the Town of American Canyon, County of Napa, State of California.

4. Defendant TOWN OF AMERICAN CANYON ("TOWN") is a political subdivision of the State of California, duly organized and existing under the laws of the State of California. Defendant OSCAR ORTIZ (hereinafter referred to as "ORTIZ"), sued herein in his official capacity, was employed at all material times as the Chief of Police of Defendant TOWN.

5. Defendant COUNTY OF NAPA (hereinafter referred to as "COUNTY") is a political subdivision of the State of California, duly organized and existing under the laws of the State of California. Defendant JOHN ROBERTSON (hereinafter referred to as "ROBERTSON"), sued herein in his official capacity, was at all material times employed as the Sheriff of Defendant COUNTY.

6. On information and belief, pursuant to a contract executed between TOWN and COUNTY, Defendant COUNTY agreed to provide TOWN law enforcement services in the form of providing COUNTY personnel, i.e., deputies, under the authority of California Government Code §§ 55631, 55632, and 55634, the cost for which COUNTY billed TOWN and TOWN

agreed to reimburse. The agreement, upon information and belief, provided for the full-time services of a specified number of such COUNTY deputies, performing law enforcement duties and responsibilities and, on information and belief, contained a provision, pursuant to which COUNTY agreed to defend, save harmless, and indemnify TOWN and its officers, agents, and employees from all liabilities and claims for damages from any cause whatsoever arising from or connected with the aforementioned law enforcement services provided to TOWN, which resulted from the conduct, negligent or otherwise, of the COUNTY's officers, agents or employees. On information and belief, said agreement explicitly provided, further, that the COUNTY deputies employed in the performance of said law enforcement services were COUNTY employees for purposes of pension, civil service, or other status or rights which TOWN conferred upon its employees, but, for purposes of conferring official status to COUNTY personnel performing said law enforcement services under the contract, said personnel were deemed to be officers or employees of TOWN while engaged in said law enforcement services.

7. The aforementioned contract, on information and belief, further provides that said COUNTY law enforcement personnel assigned to TOWN shall wear and use distinctive badges, insignia, and name tags, which are provided by TOWN. All identifying information presented said law enforcement personnel to the public in general and to PEREZ in particular as TOWN police officers – including the named, individual Defendant officers. All patrol vehicles used by said individually-named Defendant officers were marked as belonging to TOWN's police department, and all individually-named officers wore badges and uniforms identifying them as "Town of American Canyon" Police Officers.

8. At all times mentioned herein, Defendant JEREMIAH BOHLANDER (Badge #250265), sued herein individually, both in his capacity as a law enforcement officer for the Town of American Canyon and/or in his capacity as a deputy for the County of Napa (hereinafter referred to as "BOHLANDER"), and DOE Defendants 1-200, were employed as law enforcement officers for the TOWN and/or deputies for the COUNTY. DOE Defendants 1-100, who were on-scene with BOHLANDER at the time he used excessive force on Plaintiff, were integrally involved, and are sued individually, in their capacities as law enforcement officers for

TOWN and/or deputies for the COUNTY and/or as independent contractors, pursuant to California Government Code §815.4. DOE Defendants 1-100, by engaging in the law enforcement conduct described herein, acted under color of law and in the course and scope of their employment and/or services provided for TOWN and/or COUNTY. By engaging in the conduct described herein, DOE Defendants 1-100 exceeded the authority vested in them as law enforcement officers under the United States Constitution and as law enforcement employees and/or independent contractors of the TOWN and/or the COUNTY. At all times mentioned herein, DOE Defendants 101-200 were supervisory personnel employed by the TOWN and/or the COUNTY, who are sued herein individually and in their capacities as supervisorial personnel. By engaging in the conduct described herein, DOE Defendants 101-200 acted under color of law and in the course and scope of their employment for TOWN and/or COUNTY.

9. Plaintiff is ignorant of the true names and capacities of DOE Defendants 1-200, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein. Plaintiff will amend this Complaint to state the true names and capacities of DOE Defendants 1-200, inclusive, when they have been ascertained.

10. At all times herein mentioned, each DOE Defendant was the agent, independent contractor, or employee of TOWN and/or COUNTY, and in doing the things alleged herein, was acting within the course and scope of such agency or employment, was acting as an integral participant in the subject incident, and was acting with the actual or implied permission, consent, authorization, and approval of TOWN and/or COUNTY, and BOHLANDER.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

12. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged. At all material times, each Defendant was an integral participant, jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' and Decedent's constitutional rights and other actionable harm.

13. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

14. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

15. On September 10, 2016, near the TOWN'S intersection of Los Altos Drive and Theresa Avenue, located within COUNTY's borders, Plaintiff was stopped in his vehicle by BOHLANDER and other, as-yet unidentified officers of TOWN, as per the agreement noted above, in ¶ 6.

16. Following the traffic stop of PEREZ by Defendant BOHLANDER and DOE Defendants, PEREZ compliantly opened the front driver side door and exited the vehicle of his own accord. As ordered by Defendants, PEREZ raised his hands in complete surrender, while standing outside of the vehicle. While standing, PEREZ was approached by no less than four officers with guns drawn and pointed at him. **Without any further order by any officer/deputy**, and without any warning or command from any officer/deputy, PEREZ was suddenly, forcefully, and needlessly pulled/thrown to the pavement by BOHLANDER **face first**. Given the extraordinary, inappropriate and unnecessary application of force with which PEREZ was pulled/thrown to the pavement by BOHLANDER, PEREZ struck the pavement with

substantial force, suffering serious physical injuries including, but not limited, injuries to his right shoulder and face.

17. Plaintiff did not at any time physically resist, threaten, batter, or assault any Defendant, nor, after compliantly alighting from his vehicle, did he fail to obey any order prior to being pulled/thrown down, face-first, to the pavement.

18. At all times herein mentioned, Defendants BOHLANDER and DOE Defendants 1-200 were acting within the course and scope of their employment with TOWN and/or COUNTY, and were acting under color of law.

19. As a direct and proximate result of BOHLANDER's conduct, PLAINTIFF sustained the following injuries and damages, past and future, including, but not limited to:

   a. Economic damages, including, but not limited to, out of pocket expenses, loss of income, and loss of earning capacity;

   b. Hospital and medical expenses for past and future treatment;

   c. Extreme physical pain and suffering;

   d. Permanent injuries;

   e. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

   f. Loss of enjoyment of life and other continued pain and suffering;

   g. All other legally cognizable special and general damages;

   h. Violation of his rights secured by the Fourth Amendment of the United States Constitution; and,

   i. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under United States statutes, codes, and common law.

//
//
//
//
//
//
//
//

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### PLAINTIFF AGAINST DEFENDANTS BOHLANDER AND DOES 1-100

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

21. By the actions and omissions described above, BOHLANDER and DOE Defendants 1-100, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights that are protected by the Fourth and Fourteenth[1] Amendments to the U.S. Constitution: The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth[2] Amendments.

22. The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, when Defendants were in a position to so intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

23. Any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

24. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 19. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

25. In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the

---

[1] Reference to the Fourteenth Amendment in this excessive force claim is made because, as is widely recognized, "the Fourteenth Amendment is the conduit for Fourth Amendment protections against a State." *Neylon v. Cty. of Inyo*, No. 1:16-CV-0712 AWI JLT, 2016 U.S. Dist. LEXIS 161326, at *22 (E.D. Cal. Nov. 18, 2016) (citing *Mapp v. Ohio*, 367 U.S. 643 (1961); *Lee v. City of Chicago*, 330 F.3d 456, 460 n.1 (7th Cir. 2003). As noted by the court there, "[d]espite the confusion that tends to result, courts have acknowledged that it is acceptable to reference the Fourteenth Amendment as a conduit for the Fourth Amendment." *Neylon*, 2016 U.S. Dist. LEXIS at *22 (quoting *Holcomb v. Ramar*, 2013 U.S. Dist. LEXIS 157833, *9 (E.D. Cal. Nov. 1, 2013) (and cases cited therein)).

[2] *Ibid*.

rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983 and other federal law against these individual Defendants; no punitive damages are sought directly against the municipalities.

26. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and any other applicable codes and laws.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 - *Monell* and Supervisory Liability)
### PLAINTIFF AGAINST DEFENDANT TOWN, ORTIZ, COUNTY, ROBERTSON, and DOES 101-200

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

28. Defendants ORTIZ and ROBERTSON, as well as the to-be-identified supervisors, including DOE Defendants 101-200, each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff.

29. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff of rights, OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff of rights and failed to act to prevent his or her subordinate from engaging in such conduct, OR disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff's rights, and, based on one or more of the foregoing did, in fact, cause the violation of Plaintiff's rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable for their failures to intervene in their subordinates' apparent violations of Plaintiff's rights.

30. Plaintiff alleges, upon information and belief, that the unconstitutional actions and/or omissions of BOHLANDER and DOE Defendants 1-100 herein were pursuant to the following customs, policies, practices, and/or procedures of TOWN and/or COUNTY, stated in

the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for TOWN and/or COUNTY:

   a. Failure to supervise and/or discipline officers and/or deputies for misconduct that results in the violation of citizens' civil rights; and/or

   b. Failing to institute, maintain, or effectively administer and enforce an appropriate training regimen on subjects such as seizures of citizens and//or the use of force; and/or

   c. Using or tolerating excessive and/or unjustified force; and/or

   d. Using or tolerating inadequate, deficient, and/or improper procedures for documenting, reporting, handling, investigating, and reviewing complaints of excessive force or officer and/or deputy misconduct; and/or

   e. Employing inadequate policies or procedures for the documentation of uses of force; and/or

   f. Covering up violations of constitutional rights by any or all of the following:

      i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, or otherwise unlawful seizures;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by officers and/or deputies.

   g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, deputies, and/or personnel, whereby an officer, deputy, or member of a department does not provide adverse information against a fellow officer, deputy or member of the department;

   h. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of deputy misconduct;

   i. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (h) above, with deliberate indifference to the rights and

safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs; and,

j. Failing to institute, maintain, or effectively administer and enforce an appropriate training regimen on the subject of effectuating arrests, including arrests of those individuals who may or are under the influence of alcohol, without the use of excessive force.

31. In the alternative, upon information and belief, Defendants TOWN and/or COUNTY may have instituted policies or training addressing some or all the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

32. The above-described customs, policies, practices, and/or procedures of the TOWN and/or COUNTY were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

33. Defendants TOWN and/or COUNTY are also liable for the violations of Plaintiff's rights by their final policy makers, as described above. (See, Ninth Circuit Model Civil Jury Instruction 9.6).

34. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratifications, and tolerance of wrongful conduct of Defendants TOWN and/or COUNTY and DOE Defendants 101-200 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

35. As a proximate result of the foregoing unconstitutional actions, omissions, customs, polices, practices, and/or procedures of TOWN, COUNTY and DOE Defendants 101-200, or the lack or inadequacy thereof, Plaintiff sustained serious and permanent injuries and damages, and is entitled to damages, penalties, costs, and attorneys' fees, as set forth above, in ¶ 19, and punitive damages against DOE Defendants 101 to 200, in their individual capacities.

Plaintiff's only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection from Defendant TOWN's and/or COUNTY's unlawful policies and practices. Plaintiff, thus, seeks both legal damages and an equitable remedy in the form of injunctive relief against Defendant TOWN and/or COUNTY.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2. Punitive damages under 42 U.S.C. § 1983 and federal law, in an amount according to proof and which is fair, just, and reasonable against all Defendants except the municipality Defendants;

3. For attorneys' fees and costs of suit under 42 U.S.C. § 1988;

4. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by law;

5. For declaratory and injunctive relief against Defendants TOWN and/or COUNTY, including, but not limited to, the following:
   a. An order prohibiting Defendants and their officers and/or deputies from unlawfully interfering with the rights of PLAINTIFF, and others to be free from excessive and unreasonable force; and,

6. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action on all claims for relief that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 7, 2018          **LAW OFFICES OF PANOS LAGOS**
                                  -and-
                                  **LAW OFFICE OF SANJAY S. SCHMIDT**


                                  */s/ Panos Lagos*
                                  By: Panos Lagos
                                  Attorneys for Plaintiff,
                                  CARLOS PEREZ TRUJILLO,

COMPLAINT FOR DAMAGES
*Trujillo v. Town of American Canyon, et al.*
USDC (N.D. Cal.) Case No.: _____                                    11